COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

NOS. 2-05-200-CR

        2-05-201-CR

 

 

 

TONY CHAVEZ                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Tony Chavez appeals
the trial court=s denial of
his motion for DNA testing.  In a single
point, appellant contends that DNA testing should have been allowed because
identity was the central issue in the underlying case and there is a reasonable
probability that he would not have been convicted had the DNA evidence been
retested.  We affirm.








Appellant and his
codefendant, Vincent Montoya, were tried for and convicted of aggravated
kidnapping and aggravated sexual assault. 
We affirmed appellant=s convictions in an unpublished opinion.[2]  Thereafter, appellant filed a motion for DNA
testing, which the trial court denied. 
This appeal followed. 

In his sole point on appeal,
appellant contends that his identity as the victim=s kidnapper and assailant was the central issue in the underlying case
because (1) appellant pleaded not guilty to the charged offenses, (2) blood
samples obtained from a screwdriver used in the crimes and from the victim=s clothing matched only Montoya=s blood samples, (3) DNA tests on a cotton swab from the rape exam kit
were inconclusive, (4) there is no other physical evidence connecting appellant
to the crimes, (5) his identity as the perpetrator was established at trial
solely through eye-witness testimony, which is inherently unreliable, and (6)
the victim=s friend
told police after the assault that the perpetrators had been a Caucasian male
and a Hispanic male, but appellant and Montoya are both Hispanic. 

 








A trial court is required to
order DNA testing only if, among other things, identity was or is an issue in
the case.[3]  In reviewing the trial court=s ruling on a motion for DNA testing, we apply a bifurcated standard
of review.[4]  We afford almost total deference to the trial
court=s determination of issues of historical fact and application‑of‑law‑to‑fact
issues that turn on credibility and demeanor, and we review de novo the
ultimate question of whether the trial court was required to grant DNA testing.[5]








An appellant=s not guilty plea at trial does not automatically place his identity
at issue for DNA purposes.[6]  For example, identity is not at issue if an
appellant confessed to the charged offense and later pleaded not guilty.[7]  Further, identity is not at issue if an
appellant admitted that he was with the victim at the time of the offense and
later pleaded not guilty.[8]  In addition, conflicting descriptions of the
perpetrator do not necessarily place identity at issue.[9]

In this case, the trial court
found as follows.  The victim and her
friend both identified appellant as one of two men who drove them off the
road.  The victim and her friend both
identified appellant as one of the two men who kidnapped the victim.  Appellant gave a statement and admitted that
he and Montoya kidnapped the victim and that he drove while Montoya sexually
assaulted the victim in the back seat. 
Appellant further admitted that he was in a house[10]
the entire time the victim was there and that he did not remember everything
that happened the night the victim was assaulted.  The victim testified that appellant sexually
assaulted her.  The record supports these
findings.  Further, the victim testified
that both appellant and Montoya sexually assaulted her, and appellant admitted
that he was in the house when the police arrived. 

 








This evidence shows that the
trial court did not err by concluding that appellant=s identity was not and is not an issue in the case with regard to
either the kidnapping or the sexual assault. 
Therefore, we hold that the trial court did not err by denying appellant=s motion for DNA testing.[11]  We overrule appellant=s point and affirm the trial court=s order.

 

PER CURIAM

 

PANEL
F:    CAYCE, C.J.; LIVINGSTON and HOLMAN,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 16, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]See
Chavez v. State, Nos. 02-99-00129-CR, 02-99-00130-CR (Tex. App.CFort
Worth March 29, 2001, pet. ref=d) (not designated for
publication), cert. denied, 537 U.S. 865 (2002).





[3]Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(B) (Vernon Supp. 2005).





[4]Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).





[5]Id.





[6]Montoya
v. State,  Nos.
02-04-00473-CR, 02-04-00474-CR, 2005 WL 1594336, at *1 (Tex. App.CFort
Worth July 7, 2005, no pet.) (mem. op.) (not designated for publication).





[7]See
Bell v. State, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002).





[8]See
Morris v. State, 110 S.W.3d 100, 103 (Tex. App.CEastland
2003, pet. ref=d)
(holding identity was not at issue when appellant=s
statements showed he and victim were together when assault occurred).





[9]See
Montoya, 2005 WL 1594336, at *1-2; Garrett v. State,
No. 02-03-00356-CR, 2004 WL 1944556, at *1 (Tex. App.CFort
Worth Aug. 31, 2004, no pet.) (mem. op. on PDR) (not designated for
publication) (both holding that when appellant was found at the place of the
assault, identity is not at issue, even if there is conflicting testimony
regarding assailant=s
description or race).





[10]Appellant
stated that the house was his. 





[11]In
light of our holding regarding appellant=s identity, we need not
consider his argument that there is a reasonable probability that he would not
have been convicted had the DNA evidence been retested.  See Tex.
R. App. P. 47.1.